UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21cv22417

CARLOS GARCIA,

Plaintiff,

vs.

TRUEACCORD CORP. and
PAYPAL, INC.

Defendants.
_____/

## **COMPLAINT**

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq. ("FCCPA"). Plaintiff also alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") against the Defendant TrueAccord, Corp (hereinafter referred to as "TrueAccord"). Plaintiff alleges that the Defendant TrueAccord incessantly and unlawfully called the Plaintiff's cellular phone using an automatic telephone dialing system or auto-dialer and a pre-recorded or artificial voice. Defendant TrueAccord made these calls in an attempt to collect an alleged debt that is not owed by the Plaintiff. Defendant PayPal incessantly and unlawfully emailed and texted the Plaintiff in an attempt to collect an alleged debt that is not owed by the Plaintiff. Defendants' actions were in violation of FDCPA and FCCPA.

1

## LEGAL STANDARD

2. The characterization of the FDCPA as a strict liability statute is generally accepted. *See, e.g., LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1190 (11th Cir. 2010)*. Pursuant to Florida Statute §559.55(2), ("FCCPA"), "nothing in this part shall be continued to limit or restrict the applicability of the Fair Debt Collection Practices Act to consumer collection practices in this state. This part is in addition to the requirements and regulations of the federal act. In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer shall prevail."

## JURISDICTION

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331, §1337, and §1367, and pursuant to 15 U.S.C. § 1692 et seq. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq. ("FCCPA"). Under 28 U.S.C. 1367(a), this Court has supplemental jurisdiction over Plaintiff's stated FCCPA claims in that it is so related to the federal TCPA and FDCPA claims that they form part of the same case or controversy under Article III of the United States Constitution. Additionally, federal courts have jurisdiction over suits arising under TCPA. *Mims v. Arrow Financial Services, LLC, 132 S. Ct. 740 (2012)*.

4. This action arises out of Defendants' violations of the FDCPA and FCCPA, in their illegal effort to collect a consumer debt from Plaintiff. This action also arises out of Defendant TrueAccord's violations of TCPA, which prohibits any person "to make any call (other than for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or any artificial or prerecorded voice --(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service,

or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. §227(b)(1)(A).

5.      Venue is proper in this District because the acts and transactions complained of occurred here, Plaintiff resides here, both Defendants transact and/or conduct business here, and both Defendants illegally attempted to collect a debt from Plaintiff within this venue. In addition, Defendant True Accord places calls into this District.

## PARTIES

6.      Plaintiff, Carlos Garcia, is a natural person who resides in the City of Aventura, County of Miami-Dade, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). Plaintiff is the cellular subscriber and has dominion over the cellular telephone that Defendant TrueAccord was calling and to which PayPal was sending text messages.

7.      Defendant TRUEACCORD, CORP, (hereinafter "TrueAccord") is a collection agency operating from an address of 16011 College Boulevard, Suite 130, Lenexa, KS 66219, is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and is incorporated under the laws of the State of Delaware.

8.      Defendant TrueAccord regularly uses the email, U.S. postal mail, and telephone in its business, the principal purpose of which is the collection of debts. Defendant TrueAccord regularly collects or attempts to collect debts for other parties.

9.      Defendant TrueAccord is a debt collector that uses, among other things, an automated telephone dialing system to engage in debt collection practices.

10.     TrueAccord is a "debt collector" as defined in the FDCPA and FCCPA, under 15 U.S.C. §1692a(6) and Florida Statute §559.55(6).

11.     Defendant TrueAccord was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

12. At all relevant times, Plaintiff had an account in his name with Defendant PayPal, Inc. (hereinafter referred to as "PayPal"). At all relevant times, Plaintiff's PayPal account was established to hold funds used primarily for his personal use.

13. At all relevant times, Plaintiff had a an "account" with PayPal as that term is defined by 15 U.S.C. § 1693a(2). PayPal is an e-commerce business that facilitates money transfers through the internet and acts as an intermediary by accepting funds on behalf of a buyer and deposits said funds into the account of a seller.

14. Defendant PayPal is a business entity that conducts/transacts business within the State of Florida.

15. Defendant PayPal has a principal address of 2211 North First Street, c/o Corporate Legal Department, San Jose, California 95131, and is incorporated under the laws of the State of Delaware.

16. At all relevant times, Defendant PayPal acted through its duly authorized agents, employees, officers, directors, members heirs assigns, successors, principals, trustees, sureties, subrogees, representatives, and insurers.

17. At all relevant times, Defendant PayPal was a "financial institution" as that terms is defined by 15 U.S.C. § 1693a(7), as acted as a "creditor" as defined by Florida Statute §559.55 of FCCPA.

## FACTUAL ALLEGATIONS

18. Plaintiff incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Florida Statute §559.55(1).

19. Sometime thereafter, PayPal consigned, placed or otherwise transferred the alleged debt to Defendant TrueAccord for collection from this Plaintiff.

20. On or about December 5, 2020, Plaintiff purchased shoes from Finish Line in the amount of $77.04. Plaintiff authorized PayPal to make payment on his behalf for $77.04 and entered into an agreement with same to pay the balance to PayPal in four payments of $19.26 each. Plaintiff's user agreement with PayPal consisted of a 'Pay in 4' plan allowing customers the ability to pay back purchases to PayPal in four separate payments.

21. On or about December 6, 2020 and December 20, 2020, PayPal debited two payments in the amount of $19.26 each. Plaintiff subsequently received notification from Finish Line that the purchased shoes were out of stock. As such, the sales transaction was cancelled. Consequently, on or about December 22, 2020, PayPal credited $38.52 to Plaintiff's bank account, representing the two prior debits of $19.26 each.

22. Despite the cancellation of the order, Defendant PayPal incessantly attempted to collect from the Plaintiff the remaining two payments of $19.26 each under the 'Pay in 4' plan, plus late fees. Both Defendants PayPal and TrueAccord sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

23. From December 2020 through present day, Plaintiff has explained to Defendant PayPal repeatedly that the transaction was cancelled because the merchandise was not available. In each instance, PayPal has acknowledged in telephone conversations that Plaintiff does not owe a debt. Even though Plaintiff does not owe a debt, Defendant PayPal transferred Plaintiff's alleged debt to Defendant TrueAccord for collection. Due to Defendants' PayPal's and TrueAccord's poor account resources and deficient billing practices, Plaintiff continues to be charged an invalid and improper debt on an account that Plaintiff is not legally liable for.

24. Within 5 days of its initial communication with Plaintiff, Defendant TrueAccord failed to send a verification letter to Plaintiff notifying her of her rights and privileges under the law, specifically 15 U.S.C. 1692g.

25. Defendant TrueAccord did not provide debtor with written notice of assignment from creditor, within 30 days after the assignment.

26. This lawsuit arises from telephone collection efforts of Defendant TrueAccord over the last four years. Most courts have held that TCPA claims are governed by the four-year federal statute of limitations. *Benedia v. Super Fair Cellular, Inc.,* 2007 U.S. Dist. LEXIS 71911 (N.D. Ill. 2007); *Stern v. Bluestone,* 850 N.Y.S. 2d 90, 2008 N.Y. Slip Op. 00611 (holding that the TCPA has a four-year statute of limitations pursuant to 28 U.S.C. §1658).

27. Defendant TrueAccord attempted to collect an alleged consumer debt from the Plaintiff by unlawfully calling Plaintiff's cellular telephone numerous times in violation of the TCPA.

## COMMUNICATIONS FROM DEFENDANT PAYPAL

28. On January 22, 2021, Defendant PayPal sent an email from service@paypal.com to Plaintiff, requesting that Plaintiff pay $27.26, consisting of an installment payment of $19.26 plus $8.00 late fee. **See Exhibit A.**

29. On May 3, 2021, Defendant PayPal sent an email from service@paypal.com to Plaintiff, requesting that he pay $27.26, consisting of an installment payment of $19.26 plus $8.00 late fee. **See Exhibit B.**

30. On May 13, 2021, Defendant PayPal sent an email from service@paypal.com to Plaintiff, requesting that he pay $27.26, consisting of an installment payment of $19.26 plus $8.00 late fee. **See Exhibit C.**

31. On May 18, 2021, Defendant PayPal sent an email from service@paypal.com to

Plaintiff, requesting that he pay $27.26, consisting of an installment payment of $19.26 plus $8.00 late fee. **See Exhibit D.**

32. On May 23, 2021, Defendant PayPal sent an email from service@paypal.com to Plaintiff, requesting that he pay $27.26, consisting of an installment payment of $19.26 plus $8.00 late fee. **See Exhibit E.**

33. On May 28, 2021, Defendant PayPal sent an email from service@paypal.com to Plaintiff, requesting that he pay $27.26, consisting of an installment payment of $19.26 plus $8.00 late fee. **See Exhibit F.**

34. On June 2, 2021, Defendant PayPal sent an email from service@paypal.com to Plaintiff, requesting that he pay $27.26, consisting of an installment payment of $19.26 plus $8.00 late fee. **See Exhibit G.**

35. Defendant PayPal sent at least seven (7) emails from January to June 2021 to Plaintiff attempting to collect a debt. In addition, Defendant PayPal sent Plaintiff twelve (12) text messages from March 2021 through May 2021, requesting payment of allegedly past due amount.

## COLLECTION CALLS

36. From May 2021 through June 2021, Defendant TrueAccord contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2) and Florida Statute § 559.55(5).

37. Defendant TrueAccord placed at least eight (8) calls to Plaintiff's cellular telephone using an automated telephone dialing system. Defendant True Accord left messages on Plaintiff's cellular voicemail system playing an artificial or pre-recorded voice. After delivery of the message, the caller immediately disconnected.

38. During that time period, on other occasions, upon answering these calls, Plaintiff

was greeted with a machine-generated voice that began reading a script, consistent with an automated telephone dialing system using an artificial or pre-recorded voice.

39. Plaintiff never consented to receive phone calls to his cellular phone from Defendant TrueAccord or for the purpose of collecting an alleged debt.

40. The Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system. See *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008,* CG Docket No. 02-278, FCC 07-232 (1/4/08)*; In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 2003 WL 21517583, 18 F.C.C.R. 14014 (July 3, 2003).

41. All calls made by Defendant TrueAccord to Plaintiff's cellular telephone, were initiated using an automatic telephone dialing system, which contained an artificial voice and/or played a prerecorded message.

42. None of the Defendant TrueAccord's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

43. The Defendant either willfully or knowingly violated the TCPA.

## SUMMARY

44. All the above-described collection communications made to Plaintiff by Defendants PayPal and TrueAccord, and its collection employees, were made in violation of numerous and multiple provisions of the FDCPA and FCCPA, including but not limited to 15 U.S.C. § 1692d(5), 1692e(2), 1692e(10), 1692f(1), 1692g, and 1692e(11), and Florida Statute §559.715, amongst others.

45. During its collection communications, Defendants PayPal and TrueAccord and their individual debt collectors employed by Defendants failed to provide Plaintiff with the notice required by 15 U.S.C. § 1692e(10), and 1692g, and Florida Statute §559.715 and §559.72, amongst others.

46. Defendant TrueAccord's conduct, as detailed above, of harassing Plaintiff in an effort to collect this debt, constitutes violations of numerous and multiple provisions of the FDCPA, FCCPA, and TCPA, as stated herein.

## TRIAL BY JURY

47. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. U.S. Const. amend. 7.  Fed.R.Civ.P.38.

## CAUSES OF ACTION

### COUNT 1

### AS TO DEFENDANT TRUEACCORD
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### VIOLATION OF FDCPA-15 U.S.C. § 1692 et seq.

48. Plaintiff incorporates by reference paragraphs 1 through 47 of this Complaint as though fully stated herein.

49. The foregoing acts and omissions of the Defendant TrueAccord and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

50. As a result of the Defendant TrueAccord's violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant TrueAccord for:

a) Damages;

b) Attorney fees and costs;

c) An injunction prohibiting Defendant TrueAccord from engaging in further collection activities that are in violation of FDCPA; and

d) Such further relief as this Court deems just and proper.

## COUNT 2

### AS TO DEFENDANT TRUEACCORD
### FAILURE TO DISCLOSE STATUS AS A DEBT COLLECTOR
### VIOLATION OF FDCPA-15 U.S.C. § 1692e

51. Plaintiff incorporates by reference paragraphs 1 through 47 of this Complaint as though fully stated herein.

52. Defendant TrueAccord failed to disclose in initial communication with the Plaintiff that it is a debt collector attempting to collect a debtr and that any information obtained will be used for that purpose, in violation of 15 U.S.C. 1692e(11).

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant TrueAccord for:

a) Damages;

b) Attorney fees and costs;

c) An injunction prohibiting Defendant TrueAccord from engaging in further collection activities that are in violation of FDCPA; and

d) Such further relief as this Court deems just and proper.

## COUNT 3

### AS TO DEFENDANT TRUEACCORD
### FALSELY REPRESENTING AMOUNT OF DEBT
### VIOLATION OF FDCPA-15 U.S.C. § 1692e(2)

53. Plaintiff incorporates by reference paragraphs 1 through 47 of this Complaint as though fully stated herein.

54. Defendant TrueAccord falsely represented the amount of the debt that was allegedly owed to the Defendant, in violation of 15 U.S.C. 1692e(2), since Plaintiff does not owe a debt.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant TrueAccord for:

a) Damages;

b) Attorney fees and costs;

c) An injunction prohibiting Defendant TrueAccord from engaging in further collection activities that are in violation of FDCPA; and

d) Such further relief as this Court deems just and proper.

## COUNT 4

### AS TO DEFENDANT TRUEACCORD
### FALSE REPRESENTATION IN ATTEMPT TO COLLECT
### VIOLATION OF FDCPA-15 U.S.C. § 1692e(10)

55. Plaintiff incorporates by reference paragraphs 1 through 47 of this Complaint as though fully stated herein.

56. Defendant TrueAccord engaged in false representation in an attempt to collect a debt that it knew or had reason to know Plaintiff did not owe, in violation of 15 U.S.C. 1692e(10).

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant TrueAccord for:

a) Damages;

b) Attorney fees and costs;

c) An injunction prohibiting Defendant TrueAccord from engaging in further collection activities that are in violation of FDCPA; and

d) Such further relief as this Court deems just and proper.

## COUNT 5

### AS TO DEFENDANT TRUEACCORD
### INTENT TO ANNOY, HARASS, OPPRESS, OR HARASS
### VIOLATION OF FDCPA-15 U.S.C. § 1692d(5)

57. Plaintiff incorporates by reference paragraphs 1 through 47 of this Complaint as though fully stated herein.

58. Defendant TrueAccord contacted Plaintiff's phone to ring repeatedly or continuously with intent to annoy, oppress, or harass, in violation of 15 U.S.C. 1692d(5).

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant TrueAccord for:

a) Damages;

b) Attorney fees and costs;

c) An injunction prohibiting Defendant TrueAccord from engaging in further collection activities that are in violation of FDCPA; and

d) Such further relief as this Court deems just and proper.

## COUNT 6

### AS TO DEFENDANT TRUEACCORD
### NOT EXPRESSLY AUTHORIZED
### VIOLATION OF FDCPA-15 U.S.C. § 1692g

59. Plaintiff incorporates by reference paragraphs 1 through 47 of this Complaint as though fully stated herein.

60. The alleged debt that Defendant TrueAccord attempted to collect from Plaintiff was not expressly authorized by the agreement creating the alleged debt nor was it permitted by law, pursuant to 15 U.S.C. § 1692f(1).

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant TrueAccord for:

a) Damages;

b) Attorney fees and costs;

c) An injunction prohibiting Defendant TrueAccord from engaging in further collection activities that are in violation of FDCPA; and

d) Such further relief as this Court deems just and proper.

## COUNT 7

### AS TO DEFENDANT TRUEACCORD
### FAILURE TO SEND VERIFICATION LETTER
### VIOLATION OF FDCPA-15 U.S.C. § 1692g

61. Plaintiff incorporates by reference paragraphs 1 through 47 of this Complaint as though fully stated herein.

62. Defendant violated § 1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the debt.

63. Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant TrueAccord for:

a) Damages;

b) Attorney fees and costs;

c) An injunction prohibiting Defendant TrueAccord from engaging in further collection activities that are in violation of FDCPA; and

d) Such further relief as this Court deems just and proper.

## COUNT 8

### AS TO DEFENDANT TRUEACCORD AND DEFENDANT PAYPAL VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT FLORIDA STATUTE §559.55 et seq. ("FCCPA")

64. Plaintiff incorporates by reference all of the above paragraphs 1 through 47 of this Complaint as though fully stated herein.

65. The foregoing acts and omissions of the Defendants TrueAccord and PayPal and its agents constitute violation of the FCCPA including Florida Statute § 559.715.

66. As a result of the Defendants' violations of the FCCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to Florida Statute § 559.77(2), and reasonable attorney's fees and costs pursuant to § 559.77(2), from the Defendant herein.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant TrueAccord and PayPal for:

a) Damages;

b) Attorney fees and costs;

c) An injunction prohibiting Defendants TrueAccord and PayPal from engaging in further collection activities that are in violation of FCCPA; and

d) Such further relief as this Court deems just and proper.

## COUNT 9

### AS TO DEFENDANT TRUEACCORD AND DEFENDANT PAYPAL VIOLATION OF 559.72(7) OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

67. Plaintiff incorporates by reference all of the above paragraphs 1 through 47 of this Complaint as though fully stated herein.

68. In an effort to collect the debt, Defendants TrueAccord and PayPal willfully communicated with the Plaintiff with such frequency as can be reasonably expected to harass the Debtor, in violation of FCCPA, Florida Statute § 559.72(7).

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant TrueAccord and PayPal for:

a) Damages;

b) Attorney fees and costs;

c) An injunction prohibiting Defendants PayPal and TrueAccord from engaging in further collection activities that are in violation of FCCPA; and

d) Such further relief as this Court deems just and proper.

## COUNT 10

### AS TO DEFENDANT TRUEACCORD AND DEFENDANT PAYPAL VIOLATION OF 559.72(9) OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

69. Plaintiff incorporates by reference all of the above paragraphs 1 through 47 of this Complaint as though fully stated herein.

70. Pursuant to § 559.72(9) of the FCCPA, while collecting debts, no person shall "claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."

71. In the instant case, the Defendants TrueAccord and PayPal attempted to enforce a debt with full knowledge that the debt did not exist, much less belong to the Plaitniff. Despite knowing that they did not have any entitlement or authority to collect the consumer debt, Defendants TrueAccord and PayPal proceeded to communicate with the Plaintiff in an attempt to collect this alleged debt via email, texts, and voicemail messages. In an effort to collect the debt, Defendants TrueAccord and PayPal willfully communicated with the Plaintiff with such frequency as can be reasonably expected to harass the Debtor, in violation of FCCPA, Florida Statute § 559.72(7).

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant TrueAccord for:

a) Damages;

b) Attorney fees and costs;

c) An injunction prohibiting Defendants TrueAccord and PayPal from engaging in further collection activities that are in violation of FCCPA; and

d) Such further relief as this Court deems just and proper.

## COUNT 11

### AS TO DEFENDANT TRUEACCORD
### VIOLATION OF §559.715 OF THE FLORIDA
### CONSUMER COLLECTION PRACTICES ACT

72. Plaintiff incorporates by reference paragraphs 1 through 47 of this Complaint as though fully stated herein.

73. The Defendant TrueAccord did not provide written notice of the assignment of the right to bill and collect the debt, within 30 days after the assignment.

74. Florida Statute § 559.715 does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt. However, the assignee must give the debtor written notice of such assignment within 30 days after the assignment. The Defendant TrueAccord did not provide Plaintiff with said notice.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant TrueAccord for:

a) Damages;

b) Attorney fees and costs;

c) An injunction prohibiting Defendant TrueAccord from engaging in further collection activities that are in violation of FCCPA; and

d) Such further relief as this Court deems just and proper.

## COUNT 12

### AS TO DEFENDANT TRUEACCORD
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 et seq.

75. Plaintiff incorporates by reference all of the above paragraphs 1 through 47 of this Complaint as though fully stated herein.

76. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing or made using an artificial or prerecorded voice, and not legally permissible under any provision of the aforementioned statute.

77. Plaintiff did not provide express consent to Defendant TrueAccord to contact him to his cellular phone.

78. The subject calls were not legally permitted under any provision to the aforementioned statute.

79. In sum, the Defendant TrueAccord made at least eight (8) telephone calls to Plaintiff's cellular phone, which were either initiated by an automatic telephone dialing system and/or contained a pre-recorded message and were made without the prior express consent of Plaintiff.

80. Defendant, though its agents, representatives, and/or employees acting within the scope of their authority, willfully and intentionally violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant TrueAccord for:

a) Damages;

b) An injunction prohibiting Defendant TrueAccord from engaging in further collection activities that are in violation of TCPA; and

c) Such further relief as this Court deems just and proper.

## RELIEF

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant TrueAccord and Defendant PayPal for:

a) Damages under FDCPA and FCCPA;

b) Reasonable attorney's fees and costs under FDCPA and FCCPA;

c) $500 in statutory damages for each violation of the TCPA over the last four years (as to TrueAccord);

d) $1,500 treble statutory damages for each knowing or willful violation of the TCPA over the last four years (as to TrueAccord);

e) A permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone using either an automatic telephonic dialing system or an artificial or prerecorded voice (as to TrueAccord);

f) An injunction prohibiting Defendants PayPal and TrueAccord from engaging in further collection activities that are in violation of FDCPA and FCCPA; and

g) Such further relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendants TrueAccord and PayPal.

Dated: July 6, 2021

                                    Respectfully submitted,

                                    */s/ Monica Amor*_____
                                    AMOR LAW FIRM, P.A.
                                    Monica Amor, Esq.
                                    E-mail: mamor@amorlaw.com
                                    Florida Bar No: 0118664
                                    3625 N.W. 82nd Avenue, Suite 203
                                    Doral, Florida 33166
                                    Telephone: (305) 882-2667
                                    Facsimile:  (888) 311-2667
                                    Attorney for Plaintiff